UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEROME ELLINGTON,

        Petitioner,

-vs-                                      Case No.  8:08-cv-973-T-17EAJ

SECRETARY, DEPT. OF CORRECTIONS,

        Respondent.
_____/

## **ORDER**

Petitioner Jerome Ellington petitions for a 28 U.S.C. § 2254 writ of habeas corpus. He challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. A review of the record demonstrates that Ellington's petition must be denied.

### Background

Ellington was charged by supersedeas information, a partial copy of which is attached to the instant Petition for Writ of Habeas Corpus, see Document 1-2 pages 11-16, with organized fraud over $50,000 (count 1); 151 counts of assessing or collecting an advance fee from a borrower to provide services as a loan broker (counts 2-152); grand theft of $20,000 or more but less than $100,000 (count 153); violation of the Racketeering Influenced and Corrupt Organizations (RICO) Act in association with an enterprise, "The H.O.M.E. Program, Inc.," which engaged in criminal activities involving money laundering and grand theft (count 154); receipt of RICO proceeds and use of such proceeds in the acquisition of an interest in real property or in the establishment or operation of any enterprise (count 155); conspiracy to

commit a violation of the RICO Act (count 156); money laundering (count 157); and 30 counts of grand theft of $300 or more but less than $20,000 (counts 158- 187).

Ellington was tried on and convicted as charged of counts 2, 7, 9, 11, 15, 19, 32, 58, 68, 69, 72, 111, 112, 116, 118, 121, 126, 133-135, 138, 144, 147, 152, 154-156, 158-160, 162-176, 178-182, 184, 185, and 187. Ellington was given concurrent prison sentences of 25 years on each RICO-related count and 5 years on each of the remaining counts. The judgment, Document 1-2 pages 1- 3, incorrectly listed a conviction on count 63, which had been nolle prossed, and omitted count 63 from the list of counts nolle prossed, and the sentence, a partial copy of which is found at Document 1-2 page 5, included a sentence of 5 years in prison on count 63.

Ellington took a direct appeal. In her answer brief on appeal, appellate counsel noted the erroneous inclusion of count 63 in the judgment and sentence and included in her conclusion, see Document 1-13 page 4, the statement that the judgment and sentence on count 63 should be reversed. On June 7, 2002, the Florida Second Distsrict Court of Appeal affirmed without opinion, *Ellington v. State*, 823 So. 2d 775 (Fla. 2d DCA 2002), apparently having over-looked the error regarding count 63.[1] The mandate issued on June 28, 2002. Although he was represented by counsel on this appeal, Ellington filed a pro se motion for rehearing on July 3, 2002, which was denied on August 5, 2002, see the Second District's docket page, attached to Document Number 10, **2D00-3182 docket.pdf**. Ellington did not seek further direct review.

---

[1] However, on June 21, 2005, the trial court entered an amended judgment and sentence that corrected the erroneous inclusion of count 63 in the original judgment and sentence, as shown by the online docket, a copy of the entries covering the last 5 years of which is appended to Document number 10.

On September 25, 2002, Ellington filed a motion for postconviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, which the trial court summarily denied. Ellington appealed, and, on April 4, 2003, the Second District Court of Appeal reversed for further consideration of Ellington's claim that his trial counsel rendered ineffective assistance in failing to preserve for appeal the issue of the sufficiency of the evidence to support his RICO-related convictions. *Ellington v. State*, 841 So. 2d 646 (Fla. 2d DCA 2003).

On remand, the trial court again denied Ellington's motion for postconviction relief. Ellington again appealed, and this time the Second District Court of Appeal affirmed without opinion, *Ellington v. State*, No. 2D03-5182, 2004 Fla. App. LEXIS7514 (Fla. 2d DCA May 26, 2004). , its mandate issuing on August 16,2004, following the denial of Ellington's motions for rehearing and clarification, as shown on the attached 2d DCA docket sheet,**2D03-5182 docket.pdf**. Ellington sought no further review of this opinion.

On November 9, 2004, Ellington filed a motion to correct an illegal sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure, which the trial court denied. Ellington appealed, and, on October 26, 2005, in case no. 2D05-3758, the Second District Court of Appeal affirmed without opinion but citing Fla. R. Crim. P. 3.703(d); *Burrows v. State*, 890 So. 2d 286 (Fla. 2d DCA2004), *review denied*, 914 So. 2d 952 (Fla. 2005); *Caraballo v. State*, 805 So. 2d 882 (Fla. 2d DCA 2001); *Reed v. State*, 761 So. 2d1241 (Fla. 2d DCA 2000); and *Williams v. State*, 734 So. 2d 1113(Fla. 2d DCA 1999). This decision is reported as *Ellington v. State*, 914 So. 2d 962 (Fla. 2d DCA 2005). The Second District Court's mandate issued on November 16, 2005. Ellington's motions for rehearing and for a written opinion were filed on

November 18,2005 and denied on December 20, 2005, see attached 2d DCA docket sheet, **2D05-3758 docket.pdf**. Ellington sought no further review of this decision.

On October 9, 2006, Ellington mailed to the trial court a pleading he entitled "Emergency (Plaintiff-Disable A. Vet.) Motion to Rule On: 'Estoppel by Representation' and Complaint of Malversation/Racial-Religious Profiling/Conspiracy {Dual Filing Rights Reserved & Requested} Ref.=Rule 3.850-Civil Rights Complaint=," a copy of which is attached to "Petitioner's Reply Brief to Respondent's: Response to Show Cause Order/(Motion to Dismiss),"Document 8 pages 29-34, with attachments, Document 8 pages 35-68,which pleading was docketed as filed on October 16, 2006, see **attached Ellington trial court case docket 8-25-03 to date.pdf**.

On June 25, 2008, the trial court treated this pleading as a motion for postconviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, and denied it as untimely, Document 8 pages 27-28. However, the trial court's order incorrectly states that Ellington's direct appeal was dismissed by the Second District Court of Appeal sua sponte and that Ellington's judgment and sentences became final in 2000.  In fact, Ellington's direct appeal was not dismissed,[2] and Ellington's judgment and sentences did not become final until 2002, after the Second District had affirmed Ellington's judgment and sentences. However, the pleading in question was nevertheless untimely, having been filed more than 2 years beyond Florida's 2-year time limit for filing a Rule 3.850 motion. Ellington has now filed a motion for rehearing on this pleading, Document 8 pages 22-26.

Even assuming that Ellington's pending motion in state court could toll the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996

---

[2] However, another appeal, 2d DCA case no. 2D01-3940, was, dismissed. See at- docket page attached to Document Number 10, **2D01-3940 docket.pdf**.

(AEDPA), 28 U.S.C. § 2244(d), on November 9, 2004, when Ellington filed his motion to correct illegal sentence, 104 days of the one-year limitation period had run, and the time began running again on November 16, 2005, when the Second District Court of Appeal's mandate issued on the appeal of the denial of Ellington's motion to correct illegal sentence, and continued to run for another 325 days, until October 8, 2006, when Ellington mailed the pending motion to the state court. Thus, a total of 429 days, or more than 14 months of the one-year AEDPA limitation period, had run before that motion was mailed.

Ellington claims that Respondent has overlooked motions for rehearing and/or clarification of the rulings on his motions that he filed "in every case" in calculating the amount of time that has been tolled or not tolled. Ellington is mistaken in claiming that his motions for rehearing and/or clarification filed following the issuance of the opinions in several of his appeals would toll the time sufficiently to render his habeas petition timely. On his direct appeal, Ellington was represented by counsel; his pro se motion for rehearing, filed after issuance of the mandate, was therefore unauthorized, *e.g.*, *Goode v. State*, 365 So.2d 381 (Fla. 1978), *cert. denied*, 441 U.S. 967, 99 S. Ct. 2419, 60L. Ed. 2d 1074 (1979), and thus could not toll the AEDPA limitation period, *see Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161L. Ed. 2d 669 (2005), and *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct.361, 148 L. Ed. 2d 213 (2000). His rehearing motions filed in the appeal of the denial of his original 3.850 motion were filed and decided before the mandate issued. And even if Ellington is credited with an additional 34 days of tolled time by treating the affirmance of the denial of his 3.800 motion as final only upon the denial of his rehearing motions, the instant habeas petition is still untimely by 30 days.

Although Ellington argues that his petition is timely, he also contends that he is entitled to an "actual innocence" exception to the time bar. This argument is without merit for two

reasons. First, it is there is no "actual innocence" exception to the federal limitations period. This Circuit has yet to decide whether such an exception exists. *Helton v. Secretary for Dept. of Corrections*, 259 F. 3d 1310 (11th Cir.2001), *cert. denied*, 535 U.S. 1080, 122 S. Ct. 1965 (2002). Review of the history of "actual innocence"and examination of the current statute, including the Court's role in interpreting it, supports the conclusion that a claim of actual innocence alone does not provide a basis to avoid the AEDPA statute of limitations governing state prisoner federal habeas petitions.

Second, this Court need not reach this issue because, even if the exception applied, Ellington has not supported his actual innocence claim "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," as required by *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865,130 L. Ed. 2d 808 (1995). Instead, Ellington relies on evidence that *was* presented at trial to support his claim of actual innocence. Thus, Ellington does not claim that he has new evidence.

Ellington has wholly failed to present new reliable evidence of actual innocence as contemplated by *Schlup v. Delo*. Not having such evidence, he cannot show that no reasonable juror would find him guilty beyond a reasonable doubt in light of new evidence. *See House v. Bell*, 547 U.S. 518, 536-537 (2006) (A petitioner's burden at the gateway stage is to demonstrate that it is more likely than not, in light of the new evidence, that no reasonable juror would find him guilty beyond a reasonable doubt). He also fails to claim actual innocence in an attempt to avoid the effect of a procedural default. Thus, this Court need not determine whether "actual innocence" would constitute a freestanding exception to § 2244(d).

In light of the foregoing, Ellington has failed to argue a sufficient actual innocence claim to avoid dismissal of his petition as time-barred, and, because more than one year passed after Ellington's judgment and sentence became final during which the one-year limitation period was not tolled by the pendency of any postconviction motion in any court, the instant petition for writ of habeas corpus was clearly untimely filed and must be dismissed.

Accordingly, the Court orders:

That Ellington's petition is denied. The Clerk is directed to enter judgment against Ellington and to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 14, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Jerome Ellington